

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature]*

**United States Bankruptcy Judge**

**Signed April 21, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 09-70608-hdh |
| CRAIG PUGH MARTIN AND | ) | CHAPTER 13 |
| REGINA ELAINE MARTIN, | ) | |
| | ) | HEARING ON MOTION |
| DEBTORS. | ) | FOR RELIEF FROM STAY |
| | | APRIL 20, 2011 11:00 A.M. |

### AGREED ORDER CONDITIONING AUTOMATIC STAY

Came on for consideration the Motion for Relief from Stay ("Motion") filed by Green Tree Servicing LLC, its successors and assigns, ("Green Tree") regarding a 2000 Elliott Homes, Inc. Solitaire model 28 x 54 manufactured home bearing serial number EMHOK16514FB ("Collateral"). The Court, having considered the Motion, any and all responses filed, and the agreement of counsel, is of the opinion that the following Agreed Order should be entered. It is therefore, **ORDERED**, **ADJUDGED**, **AND DECREED** that:

1. **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2. **Current Monthly Payments:** Craig Pugh Martin and Regina Elaine Martin (collectively "Debtor") shall continue to remit to Green Tree the regular post-petition monthly payments beginning May 5, 2011, and continue said payments thereafter pursuant to that certain Retail Installment Contract and Security Agreement dated February 18, 2000 ("Contract"). The payment address for direct payment is Green Tree Servicing LLC, P.O. Box 94710, Palatine, IL 60094-4710.

3. **Additional Payments:** In addition to the payments set forth above, Debtor shall cure post-petition arrearage in the total amount of $973.39, which consists of post-petition payments for the months of February 5, 2011 (partial payment of $59.51) through April 5, 2011 in the amount of $456.94 per payment. Any payments or proof of payments received will be credited to Debtor's account. Within thirty days of entry of this Order, Debtors shall complete the modification of the Chapter 13 Plan with respect to Green Tree to include provision for payment of $973.39 to be paid through out the life of the Chapter 13 Plan at the Contract interest rate.

4. **Insurance:** Debtor agrees to keep continuous full comprehensive insurance on the Collateral. The insurance policy shall be in the form of at least a six month policy and Debtor shall provide Green Tree with a copy of the policy, which shows Green Tree as the loss payee or lienholder within ten days of entry of this Order.

5. **Property Taxes:** Debtor shall bring current any delinquent and outstanding taxes owed within thirty days of entry of this Order and provide to Green Tree continuous proof of payment of taxes.

6. **Payments to Trustee:** Debtor shall remit to the Trustee the monthly payment provided for under the Chapter 13 Plan. Debtor shall bring current any delinquent and outstanding payment(s) owed to the Trustee within thirty days of entry of this Order.

7. **Conversion to Chapter 7 or Dismissal:** The terms of this Order shall not survive upon conversion to a Chapter 7 or dismissal of this bankruptcy. Green Tree shall not be bound by this Order in the event of conversion or dismissal. Upon conversion to a Chapter 7, the automatic stay as to Green Tree shall lift. In the event this bankruptcy is dismissed and the Debtor files a subsequent bankruptcy, the Automatic Stay in the subsequent bankruptcy shall have no force or effect as to Green Tree or the Collateral.

8. **Effect of In-sufficient Funds:** Debtor's tendering of a check to Green Tree that is subsequently returned due to in-sufficient funds in the account upon which the check is drawn shall not constitute a payment as required by the terms of this Order.

9. **Default:** In the event Green Tree does not receive the payments by the dates set forth above or Debtor does not comply with any other provision herein, Green Tree shall send written notice by Regular Mail to Debtor's attorney and by Certified Mail and Regular Mail to Debtor and allow Debtor ten days from the date of such written notice to cure the default. In the event Debtor fails to cure the default within

the ten day period or in the event Debtor defaults after two notices of default, the Automatic Stay shall terminate as to the Green Tree without further recourse to this Court and Green Tree shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the Collateral. Green Tree has the option to contact Debtor directly prior to issuing a written notice of default under this Order to determine Debtor's intentions regarding retaining or surrendering the Collateral. In the event Debtor intends to retain the Collateral, Debtor and Green Tree may discuss payment arrangements for curing the default under this Agreed Order.

10. Green Tree shall notify Debtor, Debtor's attorney, and the Chapter 13 Trustee that the automatic stay has been terminated by filing a notice of termination. Upon termination of the automatic stay, the provision of Rule 4001(a)(3) is waived.

### END OF ORDER ###

APPROVED AS TO FORM:

/s/ Monte Jay White with permission
**MONTE JAY WHITE**
State Bar No.
Monte J. White & Associates, P.C.
1106 Brook Ave.
Wichita Falls, TX 76301
(940) 723-0099
(940) 723-0096 telecopier
ATTORNEY FOR DEBTOR

/s/ Jamie Silver
**B. BRUCE JOHNSON**
State Bar No. 10682800
**JAMIE E. SILVER**
State Bar No. 24042907
12720 Hillcrest Road, Suite 280
Dallas, Texas 75230
(972) 788-4610
(972) 386-7694 telecopier
ATTORNEY FOR GREEN TREE